Jason W. Wolff (SBN 215819)
wolff@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*Additional Counsel on Last Page*

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>ACACIA RESEARCH CORP., a Delaware Corporation, and SCREENTONE SYSTEMS CORP., a Delaware Corporation,<br><br>                    Defendants. | Case No. 3:08-cv-04522 MEJ<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Adobe Systems Incorporated ("Adobe") hereby alleges as follows for this Complaint against Acacia Research Corporation and its wholly owned subsidiary Screentone Systems Corporation:

**PARTIES**

1. Plaintiff Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

2. On information and belief, Defendant Acacia Research Corporation ("Acacia") is a Delaware corporation with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

1

3.    On information and belief, Defendant Screentone Systems Corporation ("Screentone") is a Delaware corporation with its principal place of business at 500 Newport Center Dr., Ste 700, Newport Beach, CA 92660.  On information and belief, Screentone is a wholly owned subsidiary of Acacia.

<b><u>JURISDICTION AND VENUE</u></b>

4.    This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*,  with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy exists between Adobe and Acacia and Screentone that requires a declaration of rights by this Court.

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Acacia because Acacia resides in the state of California.  Further, this Court has personal jurisdiction over Acacia by virtue of Acacia's purposeful contacts with this district, including Acacia's transaction of substantial business and patent licensing operations with companies residing in this district, such that Acacia could have reasonably expected to be haled into Court in this district; and by virtue of Acacia's attempts to enforce a patent purportedly assigned to it against licensees of Adobe, an entity having a principal place of business in the Northern District of California, for allegedly infringing activities occurring in California.

7.    This Court has personal jurisdiction over Screentone because Screentone resides in the state of California.  Further, on information and belief, this Court has personal jurisdiction over Screentone by virtue of Screentone's purposeful contacts with this district and because it is essentially a patent holding company for a set of patents apparently owned by Acacia.  Screentone could have reasonably expected to be called to Court in this district; and by virtue of Acacia and Screentone's attempts to enforce a patent purportedly assigned to it against licensees of Adobe, an entity having a principal place of business in the Northern District of California, for allegedly infringing activities occurring in California.

2

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district.  Venue is further proper because all Defendants are subject to personal jurisdiction in this judicial district and are therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

### NOTICE OF RELATED CASES

9.  Adobe identifies the following cases to which this action is related: *Canon U.S.A., Inc., et al. v. Screentone Systems Corp., et al.*, W.D. Wash. Case No. 2:07-1544 (CMP); *Electronics For Imaging, Inc. v. Acacia Research Corp., et al.*, C.D. Cal. Case No. 8:07-1333 CJC (ANx); *Heidelberg USA, Inc. v. Screentone Systems Corp., et al.*, D. Del. Case No. 1:07-601-GMS-LPS; *Konica Minolta Business Solutions U.S.A., Inc. v. Screentone Systems Corp., et al.*, D. Del. Case No. 1:07-602-GMS-LPS; *Screentone Systems Corp. v. Canon U.S.A., Inc. et al.*, E.D. Tex. Case No. 2:07-340-DF.

10. The above-referenced cases have been transferred and consolidated for pretrial proceedings in the matter *In Re: Halftone Color Separations ('809) Patent Litigation*, C.D. Cal. Case No. 8:08-ml-01926 CJC (ANx).

### INTRADISTRICT ASSIGNMENT

11. Under Civil Local Rules 3-2(c) and 3-5, this action, being a declaratory judgment action based on patent claims, is appropriate for assignment on a district-wide basis.

### FACTUAL BACKGROUND

12. Adobe develops and sells many software applications for computers and electronic devices, including the such technologies as Acrobat, Flash, and PostScript.

13. On information and belief, Acacia's business is the acquisition of patents which it licenses and enforces using a multitude of wholly owned subsidiaries and limited liability companies such as Screentone.

14. On information and belief, Acacia and Screentone purport to be the owner of U.S. Patent No. 5,166,809 ("the '809 patent").  The '809 patent is entitled "Apparatus and Methods for Digital Halftoning."  A copy of the '809 patent is attached as Exhibit A.

3

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
**Case No. 3:08-cv-04522 MEJ**

15. On August 8, 2007, Acacia (through its wholly-owned subsidiary, Screentone) filed a Complaint in the Eastern District of Texas (the "Texas Action") against multiple Original Equipment Manufacturer ("OEM") defendants, including, *inter alia*, Canon U.S.A., Inc. ("Canon"), Eastman Kodak Company ("Kodak"), Ricoh Americas Corporation ("Ricoh"), and Heidelberg USA, Inc. ("Heidelberg") , asserting infringement of the '809 patent.  Acacia and Screentone allege that these OEMs infringe the '809 patent by manufacturing, using, and selling printers and other imaging products that reproduce images using the halftoning techniques claimed in the '809 patent.  On information and belief, Acacia and Screentone's allegations rest at least in part on the alleged use by the OEMs of Adobe's PostScript technology.

16. Adobe has license agreements relating to its PostScript with certain OEMs that have been targeted by Acacia and Screentone, including Ricoh.

17. Ricoh has sought indemnification from Adobe in response to Acacia and Screentone's allegations of infringement of the '809 patent.  Ricoh has asserted that Adobe is obligated to provide indemnification and defense under the Adobe-Ricoh license agreement.

18. As a result of the original Texas Action, which has now been consolidated by the Multidistrict Litigation Panel, where Acacia and Screentone have asserted that multiple OEMs infringe the '809 patent, and as a result of the request for indemnity from and defense by Adobe by one or more of the OEM Defendants, there is an immediate and actual case or controversy between Adobe and Acacia and Screentone regarding the non-infringement, validity, and enforceability of the '809 patent, as it allegedly pertains to Adobe's PostScript technology.

19. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the validity of the '809 patent and the alleged infringement of the '809 patent by Adobe.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,166,809)**

20.  Adobe restates and incorporates by reference the allegations in paragraphs 1-19.

21.  This is an action for declaratory judgment of non-infringement of any valid and enforceable claim of the '809 patent.

4

22. On information and belief, Acacia and Screentone have alleged and continue to allege that products incorporating Adobe's PostScript technology are covered by the '809 patent. Acacia, through its wholly-owned subsidiary Screentone, has already commenced litigation against the OEM Defendants regarding this matter, and several OEMs have filed declaratory judgment actions against Acacia and Screentone.

23. Adobe asserts that it has not infringed and does not infringe any valid and enforceable claim of the '809 patent. Adobe further asserts that its licensees have not infringed and do not infringe any valid and enforceable claim of the '809 patent by virtue of their use of Adobe's PostScript technology.

24. Therefore, there exists a substantial controversy between Adobe and Acacia, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees have not infringed and do not infringe any valid and enforceable claim of the '809 patent.

25. There further exists a substantial controversy between Adobe and Screentone, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees have not infringed and do not infringe any valid and enforceable claim of the '809 patent.

26. An actual and justiciable controversy exists regarding the alleged infringement of the '809 patent by Adobe or its PostScript licensees. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '809 patent.

27. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '809 patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,166,809)**

28. Adobe restates and incorporates by reference the allegations in paragraphs 1-27.

29. This is an action for declaratory judgment of invalidity of any and all claims of the '809 patent.

5

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
**Case No. 3:08-cv-04522 MEJ**

30. On information and belief, Acacia and/or Screentone has alleged and continues to allege that products incorporating Adobe's PostScript technology use technology covered by the '809 patent. Acacia, through its wholly-owned subsidiary Screentone, has already commenced litigation against certain OEMs regarding this matter.

31. One or more claims of the '809 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

32. Therefore, there exists a substantial controversy between Adobe and Acacia, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that each asserted claim of the '809 patent is invalid.

33. There further exists a substantial controversy between Adobe and Screentone, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that each asserted claim of the '809 patent is invalid.

34. Therefore, an actual and justiciable controversy exists regarding the validity of the '809 patent. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '809 patent.

35. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '809 patent.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Unenforceability of U.S. Patent No. 5,166,809
for Inequitable Conduct)**

36. Adobe restates and incorporates by reference the allegations in paragraphs 1-35.

37. This is an action for declaratory judgment of unenforceability of any and all claims of the '809 patent for inequitable conduct.

38. On information and belief, Acacia and/or Screentone has alleged and continues to allege that products incorporating Adobe's PostScript technology use technology covered by the '809 patent. Acacia, through its wholly-owned subsidiary Screentone, has already commenced litigation against certain OEMs regarding this allegation.

39. Upon information and belief, the '809 patent is unenforceable for inequitable conduct committed by one or more persons involved in the prosecution of the '809 patent, during which material prior art reference were withheld from the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO.

40. The '809 patent purports to be a continuation-in-part of U.S. Patent No. 4,924,301 ("the '301 patent").

41. The claims of the '809 patent are directed to a "digital signal processing method for producing one or more continuous tone color separations having a predetermined screen angle and a predetermined screen ruling."

42. Craig L. Surbrook ("Surbrook") is named as the inventor on the '809 patent and on the '301 patent.

43. Attorney James Anable ("Attorney Anable") was involved in the prosecution of both the '301 patent and the '809 patent.

44. During prosecution of the '301 patent, Attorney Anable filed an Amendment with the USPTO on Nov. 9, 1989 in which he discussed, *inter alia*, prior art U.S. Pat. Nos. 4,350,996 and 4,456,924, both of which issued to Gideon Rosenfeld (collectively, "the Rosenfeld patents"). Attorney Anable acknowledged the Rosenfeld patents to be "prior art techniques" that "attempt to provide digital signal processing methods for achieving proper screen angles and screen ruling."

45. The claims in the '809 patent also relate to digital signal processing methods and screen angles, thus the Rosenfeld patents and Attorney Anable's characterization of these references were material to the patentability of the '809 patent claims.

46. International patent application PCT Appln. No. PCT/US 89/04997 ("the PCT application") was filed claiming priority to the U.S. patent application that matured into the '301 patent. Surbrook is named as the inventor on the PCT application.

47. On June 15, 1990, copy of a prior art search performed in the PCT application was mailed to the applicant, SeeColor Corporation.

48. The PCT application prior art search report identified several prior art references. Among these prior art references was an article by B.E. Bayer ("the Bayer article") entitled "An

7

optimum method for two-level rendition of continuous-tone pictures." The examiner of the PCT application characterized the Bayer article as being of category "X," i.e., as having particular relevance to the claimed subject matter.

49. The Bayer article was therefore material to the patentability of the '809 patent, which purports to be a continuation-in-part of the same application from which the PCT application claimed priority (i.e., the application that matured into the '301 patent).

50. Upon information and belief, Surbrook, SeeColor Corporation, and Attorney Anable had actual knowledge of the PCT application and the prior art search report from the PCT application.

51. Upon information and belief, Surbrook, SeeColor Corporation, and Attorney Anable had actual knowledge of the Rosenfeld patents.

52. Surbrook, SeeColor Corporation, and Attorney Anable, and any others involved in the prosecution of the '809 patent had an affirmative duty to disclose information that may be material to the patentability of any claims of the '809 patent.

53. However, neither the Rosenfeld patents or the discussion of them in the prosecution history of the '301 patent, nor the Bayer article or any of the other information cited in the PCT application search report, was disclosed to the USPTO during the prosecution of the '809 patent.

54. Upon information and belief, this information was withheld from the USPTO during prosecution of the '809 patent with the intent to deceive the USPTO as to the true nature and scope of the prior art and the allowable scope of the claims of the '809 patent.

55. Therefore, an actual and justiciable controversy exists regarding the enforceability of the '809 patent. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '809 patent.

56. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '809 patent.

**JURY DEMAND**

Adobe hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6.

8

**PRAYER FOR RELIEF**

WHEREFORE, Adobe prays for judgment against Acacia and Screentone as follows:

1.  That Adobe does not infringe any valid and enforceable claim of the '809 patent;

2.  That the '809 patent is invalid;

3.  That the '809 patent is unenforceable for inequitable conduct;

4.  That this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling Adobe to an award of its attorney fees;

5.  That Adobe be awarded its reasonable costs incurred in this action; and

6.  For such other relief as this Court deems just, reasonable and proper.

Dated:  October 21, 2008                    FISH & RICHARDSON P.C.


By:    /s/ Jason W. Wolff
        Jason W. Wolff (SBN 215819)
        wolff@fr.com
        FISH & RICHARDSON P.C.
        12390 El Camino Real
        San Diego, CA 92130
        Telephone:  (858) 678-5070
        Facsimile:   (858) 678-5099

        Frank E. Scherkenbach (SBN 142549)
        scherkenbach@fr.com
        FISH & RICHARDSON P.C.
        225 Franklin Street
        Boston, MA 02110-2804
        Telephone: (617) 542-5070
        Facsimile:   (617) 542-8906

        Christina Jordan (SBN 245944)
        jordan@fr.com
        FISH & RICHARDSON P.C.
        500 Arguello Street, Suite 500
        Redwood City, CA 94063
        Telephone:  (650) 839-5070
        Facsimile:   (650) 839-5071

        Attorneys for Plaintiff
        ADOBE SYSTEMS INCORPORATED

9

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:08-cv-04522 MEJ