Jan P. Weir, State Bar No. 106652
Douglas Q. Hahn, State Bar No. 257559
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
949-725-4000
jweir@sycr.com
dhahn@sycr.com

Edward R. Nelson, III, admitted pro hac vice
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
817-377-9111
enelson@nbclaw.net

Attorneys for Defendants
SCREENTONE SYSTEMS CORPORATION and
ACACIA RESEARCH CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, A Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACACIA RESEARCH CORPORATION, a Delaware corporation, and SCREENTONE SYSTEMS CORP., a Delaware corporation,<br><br>Defendants. | Case No. 8:08-cv-1343-CJC (AN)<br><br>*(Related to 8:08-ml-01926-CJC)*<br><br>**ANSWER TO ADOBE SYSTEMS INCORPORATED'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

Defendants Screentone Systems Corporation and Acacia Research Corporation (collectively "Defendants") answer Adobe Systems Incorporated's First Amended Complaint for Declaratory Judgment ("Complaint") as follows. All allegations not expressly admitted are denied.

---
1
ANSWER TO ADOBE'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

## PARTIES

1. The allegations in paragraph 1 are admitted upon information and belief.

2. The allegations in paragraph 2 are admitted.

3. Defendants admit that Screentone Systems Corporation is a Delaware corporation with its principal place of business in Newport Beach, CA. Defendants admit that Screentone Systems is a wholly owned subsidiary of Acacia Patent Acquisition LLC. Except as admitted, the allegations of paragraph 3 are denied.

## JURISDICTION AND VENUE

4. Defendants admit that Plaintiff purports to bring claims for declaratory relief under 28 U.S.C. §§2201-2202. Defendants deny, however, that Plaintiff's claims have any factual or legal basis. The remaining allegations in paragraph 4 are denied.

5. The allegations in paragraph 5 are denied.

6. Defendants admit that Acacia Research resides in the State of California. Except as admitted, the allegations of paragraph 6 are denied.

7. Defendants admit that Screentone Systems resides in the State of California. Except as so admitted, the allegations of paragraph 7 are denied.

8. The allegations of paragraph 8 are denied.

## NOTICE OF RELATED CASES

9. The allegations in paragraph 9 are admitted.

10. The allegations in paragraph 10 are admitted.

## INTRADISTRICT ASSIGNMENT

11. The allegations in paragraph 11 are admitted.

## FACTUAL BACKGROUND

12. The allegations in paragraph 12 are admitted upon information and belief.

13. Defendants admit that certain Acacia Research affiliates engage in the business of acquiring patents (or rights in patents) which they then license and enforce.

1  Defendants admit that Screentone Systems owns the subject '809 patent. Except as admitted, the allegations of paragraph 13 are denied.

14. Defendants admit that Screentone is the owner of United States Patent No. 5,166,809 entitled "Apparatus and Methods for Digital Halftoning." Except as admitted, the allegations of paragraph 14 are denied.

15. Defendants admits that Screentone filed a complaint asserting infringement of the '809 patent on August 8, 2007 against Canon U.S.A., Inc., Eastman Kodak Company, Ricoh Americas Corporation, Heidelberg USA, Inc., among others, in the Eastern District of Texas. Defendants deny the characterization of the complaint filed in the Eastern District of Texas because the document speaks for itself. Defendants admit that capabilities of Adobe's PostScript 3 are relevant to Defendant Screentone's allegations. Except as admitted, the allegations of paragraph 15 are denied.

16. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 16 and, thus, deny them.

17. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 and, thus, deny them.

18. The allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 are denied.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,166,809)**

20. Defendants restate and incorporate their responses to paragraphs 1-19.

21. Defendants admit that Plaintiff purports to bring and action for declaratory judgment of non-infringement. Defendants deny, however, that Plaintiff's claim has any factual or legal basis.

22. Defendants admit that products incorporating Adobe's PostScript 3 (and related technology) can infringe the '809 patent. Except as admitted, the allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 are denied.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,166,809)**

28. Defendants restate and incorporate their responses to paragraphs 1-27.

29. Defendants admit that Plaintiff purports to bring and action for declaratory judgment of invalidity. Defendants deny, however, that Plaintiff's claim has any factual or legal basis.

30. Defendants admit that products incorporating Adobe's PostScript 3 (and related technology) can infringe the '809 patent. Except as admitted, the allegations of paragraph 30 are denied.

31. The allegations of Ppragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Unenforceability of U.S. Patent No. 5,166,809 For Inequitable Conduct)**

36. Defendants restate and incorporate their responses to paragraphs 1-35.

37. Defendants admit that Plaintiff purports to bring and action for declaratory judgment of unenforceability due to inequitable conduct. Defendants deny, however, that Plaintiff's claim has any factual or legal basis.

38. Defendants admit that products incorporating Adobe's PostScript 3 (and related technology) can infringe the '809 patent. Except as admitted, the allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are admitted.

41. The allegations of paragraph 41 are admitted.

42. The allegations of paragraph 42 are admitted.

43. The allegations of paragraph 43 are admitted.

44. Defendants admit that on November 9, 1989, an amendment was filed which discusses both United States Patent Nos. 4,350,996 and 4,456,924. Defendants deny Plaintiff's characterization of this document as it speaks for itself. Except as admitted, the allegations of paragraph 44 are denied.

45. The allegations in paragraph 45 are legal conclusions to which no response is required. However, to the extent that paragraph 45 contains any factual allegations to which Defendants must respond, such allegations are denied.

46. The allegations of paragraph 46 are admitted.

47. The allegations of paragraph 47 are admitted, upon information and belief.

48. Defendants deny the allegations of paragraph 48 on the grounds that the document speaks for itself.

49. The allegations in Paragraph 49 are legal conclusions to which no response is required. However, to the extent that paragraph 49 contains any factual allegations to which Defendants must respond, such allegations are denied.

50. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 50 and, thus, deny them.

51. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 51 and, thus, deny them.

52. The allegations of paragraph 52 are admitted.

1 | 53. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 53 and, thus, deny them.

3 | 54. The allegations of paragraph 54 are denied.

4 | 55. The allegations of paragraph 55 are denied.

5 | 56. The allegations of paragraph 56 are denied.

## JURY DEMAND

Defendants recognize that Plaintiff has requested a trial by jury.

## PRAYER FOR RELIEF

Although no answer is required to Plaintiff's prayer for relief, Defendants deny all allegations in sub-paragraphs 1 through 6 and further denies that the requested relief should be granted to Plaintiff.

Dated: December 22, 2008

STRADLING YOCCA CARLSON & RAUTH

By: /s/ Douglas Q. Hahn
Douglas Q. Hahn

Attorneys for SCREENTONE SYSTEMS CORPORATION and ACACIA RESEARCH CORPORATION

-6-
ANSWER TO ADOBE'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

DOCSOC/1319579v1/101022-0006

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss
COUNTY OF ORANGE     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 660 Newport Center Dr., Suite 1600, Newport Beach, CA 92660. On December 22, 2008, I served the ANSWER TO ADOBE SYSTEMS INCORPORATED'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT.

☐ I sent such document from facsimile machine on August 12, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine which confirms said transmission and receipt.

☐ BY MAIL: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail in Newport Beach, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) addressed as set forth below.

☑ by electronic mail in pdf format via the court's ECF system.

> Jason W. Wolff
> wolff@fr.com
> Fish & Richardson P.C.
> 12390 El Camino Real
> San Diego, CA 92130

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.
Executed on December 22, 2008, at Newport Beach, California.

*/s/ Rita Patel*

Rita Patel

-7-
ANSWER TO ADOBE'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

DOCSOC/1319579v1/101022-0006